Judge John H. Chun

```
_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED
```

**MAR 20 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO DIEGO BRUGNOLI-BASKIN,<br><br>Defendant. | NO. CR22-189 JHC<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Special Assistant United States Attorney Laura Harmon of the Western District of Washington and ANTONIO DIEGO BRUGNOLI-BASKIN and his attorney Joshua Saunders enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense.** The elements of the offense of Possession of Child Pornography as charged in Count 2 of the Indictment, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2), are as follows:

*First*, the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew that each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

*Third*, the defendant knew that production of such visual depictions involved use of a minor engaged in sexually explicit conduct; and

*Fourth*, that each visual depiction had been transported in interstate or foreign commerce; or produced using material that had been transported in interstate or foreign commerce by computer or other means.

"Sexually explicit conduct," as defined in Title 18, United States Code, Section 2256(2), means actual or simulated – (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.

3.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty, Possession of Child Pornography, are as follows: imprisonment for up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of between five years and life pursuant to Title 18, United States Code, Section 3583(k), and a special assessment of $100. Defendant agrees that the special assessment shall be paid at or before the time of

Plea Agreement - 2
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sentencing. Defendant also understands that unless the sentencing Court finds the
2  defendant to be indigent, an additional mandatory special assessment of $5,000 will be
3  imposed.

4      Defendant understands that supervised release is a period of time following
5  imprisonment during which Defendant will be subject to certain restrictive conditions and
6  requirements. Defendant further understands that, if supervised release is imposed and
7  Defendant violates one or more of the conditions or requirements, Defendant could be
8  returned to prison for all or part of the term of supervised release that was originally
9  imposed. This could result in Defendant serving a total term of imprisonment greater than
10 the statutory maximum stated above.

11     Defendant understands that as a part of any sentence, in addition to any term of
12 imprisonment and/or fine that is imposed, the Court may order Defendant to pay
13 restitution to any victim of the offense, as required by law.

14     Defendant further understands that the consequences of pleading guilty may
15 include the forfeiture of certain property, either as a part of the sentence imposed by the
16 Court, or as a result of civil judicial or administrative process.

17     Defendant agrees that any monetary penalty the Court imposes, including the
18 special assessment, fine, costs, or restitution, is due and payable immediately and further
19 agrees to submit a completed Financial Disclosure Statement as requested by the United
20 States Attorney's Office.

21     Defendant understands that, if pleading guilty to a felony drug offense, Defendant
22 will become ineligible for certain food stamp and Social Security benefits as directed by
23 Title 21, United States Code, Section 862a.

24     4.    **Immigration Consequences.** Defendant recognizes that pleading guilty
25 may have consequences with respect to Defendant's immigration status if Defendant is
26 not a citizen of the United States. Under federal law, a broad range of crimes are grounds
27 for removal, and some offenses make removal from the United States presumptively

Plea Agreement - 3
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory. Removal and other immigration consequences are the subject of a separate
proceeding, and Defendant understands that no one, including Defendant's attorney and
the Court, can predict with certainty the effect of a guilty plea on immigration status.
Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
immigration consequences that Defendant's guilty plea may entail, even if the
consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by
pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's
peers;

c. The right to the effective assistance of counsel at trial, including, if
Defendant could not afford an attorney, the right to have the Court appoint one for
Defendant;

d. The right to be presumed innocent until guilt has been established
beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant
at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's
behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such
silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and
acknowledges that the Court must consider the sentencing range calculated under the
United States Sentencing Guidelines and possible departures under the Sentencing
Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 4
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the

2   history and characteristics of Defendant; (3) the need for the sentence to reflect the

3   seriousness of the offense, to promote respect for the law, and to provide just punishment

4   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

5   conduct; (5) the need for the sentence to protect the public from further crimes of

6   Defendant; (6) the need to provide Defendant with educational and vocational training,

7   medical care, or other correctional treatment in the most effective manner; (7) the kinds

8   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

9   avoid unwarranted sentence disparity among defendants involved in similar conduct who

10   have similar records. Accordingly, Defendant understands and acknowledges that:

11         a.    The Court will determine Defendant's Sentencing Guidelines range

12   at the time of sentencing;

13         b.    After consideration of the Sentencing Guidelines and the factors in

14   18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

15   maximum term authorized by law;

16         c.    The Court is not bound by any recommendation regarding the

17   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

18   range offered by the parties or the United States Probation Department, or by any

19   stipulations or agreements between the parties in this Plea Agreement; and

20         d.    Defendant may not withdraw a guilty plea solely because of the

21   sentence imposed by the Court.

22       7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or

23   guaranteed what sentence the Court will impose.

24       8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged

25   offense. The parties agree on the following facts:

26       Beginning on a date unknown, but no later than September 7, 2022, in King

27   County, Washington, Antonio Diego Brugnoli-Baskin took pictures of children in his

Plea Agreement - 5                                   UNITED STATES ATTORNEY
*United States v. Brugnoli-Baskin*, CR22-189 JHC        700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

care as a babysitter that were sexually explicit as they showed the lascivious display of the children's genitals. One such image was of a child under the age of 12 with her pants lowered, exposing her naked vagina, which was the focal point of the image. There was similar sexually explicit imagery of two other children that he babysat at that time. These images were stored on an Apple iPhone 13 (serial number 8901260994741875132), which was produced and shipped in interstate commerce.

Also on or about September 8, 2022, Brugnoli-Baskin was in possession of child sexual abuse materials on two devices: an Apple iPhone 13 (serial number 8901260994741875132), and an Apple iPhone 4 (serial number C8QG1WPDPNG). One such image was of a female child 2-3 years old being vaginally penetrated by an adult male penis.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.      **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

        a.      The base offense level for this offense is 32, pursuant to U.S.S.G. §2G2.1(a);

        b.      There is a 4-level increase for material involving a minor who had not attained the age of 12 years, pursuant to U.S.S.G. §2G2.1(b)(1)(A); and

        c.      There is a 2-level increase because the minors were in the custody, care, and supervisory control of the defendant, pursuant to U.S.S.G. §2G2.1(b)(5

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 6
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  adjustments, and is further free to apply additional downward or upward adjustments in

2  determining Defendant's Sentencing Guidelines range.

3      10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes

4  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

5  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

6  make the motion necessary to permit the Court to decrease the total offense level by three

7  levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United

8  States by timely notifying the United States of Defendant's intention to plead guilty,

9  thereby permitting the United States to avoid preparing for trial and permitting the Court

10 to allocate its resources efficiently.

11     11.    **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of

12 Criminal Procedure 11(c)(1)(B), the Government will request a sentence of no more than

13 six years in prison, and the Defendant will request a sentence of no fewer than three years

14 in prison. The parties jointly agree to recommend a term of supervised release of 20

15 years. Defendant understands that this recommendation is not binding on the Court and

16 the Court may reject the recommendation of the parties and may impose any term of

17 imprisonment up to the statutory maximum penalty authorized by law. Defendant further

18 understands that Defendant cannot withdraw a guilty plea simply because of the sentence

19 imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties

20 are free to present arguments regarding any other aspect of sentencing.

21     12.    **Restitution.** Defendant agrees that the Court can order Defendant to pay

22 restitution to the victims of Defendant's crimes and, in exchange for the agreements by

23 the United States contained in this plea agreement, Defendant agrees that restitution in

24 this case should not be limited to the offense of conviction. Defendant is aware that the

25 United States will present evidence supporting an order of restitution for all losses caused

26 by all of Defendant's criminal conduct known to the United States at the time of

27 Defendant's guilty plea to include those losses resulting from crimes not charged or

Plea Agreement - 7
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admitted by Defendant in the Statement of Facts including series victims whose files were possessed by Defendant who may seek restitution. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United

Plea Agreement - 8
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

2  providing waivers, consents or releases requested by the U.S. Attorney's Office to access

3  records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

4  inspect and copy all financial documents and information held by the U.S. Probation

5  Office; (6) submitting to an interview regarding Defendant's Financial Statement and

6  supporting documents before sentencing (if requested by the United States Attorney's

7  Office), and fully and truthfully answering questions during such interview; and (7)

8  notifying the United States Attorney's Office before transferring any interest in property

9  owned directly or indirectly by Defendant, including any interest held or owned in any

10  other name, including all forms of business entities and trusts.

11         c.       The parties acknowledge that voluntary payment of restitution prior

12  to the adjudication of guilt is a factor the Court considers in determining whether

13  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

14  addition, in any event, the government will consider Defendant's cooperation regarding

15  restitution in making its sentencing recommendation.

16         13.    **Forfeiture of Assets.** Defendant understands that the forfeiture of property

17  is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

18  United States immediately his right, title, and interest in all property he used to commit or

19  to facilitate his commission of Possession of Child Pornography, as charged in Count 2,

20  as well as any proceeds of the offense, and any data files consisting of or containing

21  visual depictions within the meaning of 18 U.S.C. § 2253(a). All such property is

22  forfeitable pursuant to Title 18, United States Code, Section 2253(a), and includes, but is

23  not limited to the following devices seized from Defendant's person and home in Seattle,

24  King County, Washington, on or about September 8, 2022:

25         a.       one Apple iPhone 13 (serial number 8901260994741875132); and

26         b.       one Apple iPhone 4 (serial number C8QG1WPDPNG).

27

Plea Agreement - 9
*United States v. Brugnoli-Baskin*, CR22-189 JHC

1      Defendant agrees to fully assist the United States in the forfeiture of this property

2 and to take whatever steps are necessary to pass clear title to the United States, including

3 but not limited to: surrendering title and executing any documents necessary to effect

4 forfeiture; assisting in bringing any property located outside the United States within the

5 jurisdiction of the United States; and taking whatever steps are necessary to ensure that

6 property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made

7 unavailable for forfeiture. Defendant agrees not to file a claim to this property in any

8 federal forfeiture proceeding, administrative or judicial, that may be or has been initiated,

9 or to otherwise contest any federal forfeiture proceeding that may be or has been

10 initiated.  Defendant also agrees he will not assist anyone else who may file a claim to

11 this property in any federal forfeiture proceeding.

12      The United States reserves its right to proceed against any remaining property not

13 identified in this Plea Agreement, including any property in which Defendant has any

14 interest or control, if such property constitutes proceeds of, or property used to commit or

15 to facilitate Defendant's commission of, the offense charged in Count 2.

16      **14.**    **Abandonment of Contraband.** Defendant also agrees that, if any federal

17 law enforcement agency seized any illegal contraband that was in Defendant's direct or

18 indirect control, Defendant consents to the federal administrative disposition, official use,

19 and/or destruction of that contraband.

20      **15.**    **Abandonment of Non-Contraband Data Files.** Defendant abandons any

21 interest he may have in any non-contraband data files contained on the electronic devices

22 identified in Paragraph 13, and he consents to the federal administrative disposition of

23 those data files, including their destruction.

24      **16.**    **Registration as a Sex Offender.** Defendant stipulates and agrees that

25 based on the Sex Offender Registration and Notification Act, Title 42, United States

26 Code, Section 16911 et seq., Defendant is entering a plea of guilty to a sex offense and is

27 a sex offender as those terms are defined in the Act. Defendant further agrees that

Plea Agreement - 10
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  pursuant to the Act, Defendant is required to register as a sex offender, and keep the

2  registration current, in each jurisdiction where Defendant resides, is an employee, and is a

3  student. Defendant further agrees that for initial registration purposes only, Defendant is

4  required also to register in the jurisdiction in which Defendant is convicted if such

5  jurisdiction is different from the jurisdiction of residence.

6      17.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

7  the United States Attorney's Office for the Western District of Washington agrees not to

8  prosecute Defendant for any additional offenses known to it as of the time of this Plea

9  Agreement based upon evidence in its possession at this time, and that arise out of the

10  conduct giving rise to this investigation. The United States further agrees to dismiss

11  Count 1 of the Indictment at sentencing. In this regard, Defendant recognizes the United

12  States Attorney's Office for the Western District of Washington has agreed not to

13  prosecute all of the criminal charges the evidence establishes were committed by

14  Defendant solely because of the promises made by Defendant in this Plea Agreement.

15  Defendant agrees, however, that for purposes of preparing the Presentence Report, the

16  United States Attorney's Office will provide the United States Probation Office with

17  evidence of all conduct committed by Defendant.

18      Defendant agrees that any charges to be dismissed before or at the time of

19  sentencing were substantially justified in light of the evidence available to the United

20  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

21  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

22  (1997).

23      18.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

24  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

25  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

26  States has evidence; (b) Defendant will not oppose any steps taken by the United States

27  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement - 11
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

2  that previously were dismissed or any additional charges that had not been prosecuted.

3      Defendant further understands that if, after the date of this Plea Agreement,

4  Defendant should engage in illegal conduct, or conduct that violates any conditions of

5  release or the conditions of confinement (examples of which include, but are not limited

6  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

7  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

8  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

9  to file additional charges against Defendant and/or to seek a sentence that takes such

10  conduct into consideration by requesting the Court to apply additional adjustments or

11  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

12  advisory Guidelines range, and/or by seeking an upward departure or variance from the

13  calculated advisory Guidelines range. Under these circumstances, the United States is

14  free to seek such adjustments, enhancements, departures, and/or variances even if

15  otherwise precluded by the terms of the Plea Agreement.

16      19.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

17  acknowledges that, by entering the guilty plea required by this Plea Agreement,

18  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

19  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

20  conviction. Defendant further agrees that, provided the Court imposes a custodial

21  sentence that is within or below the Sentencing Guidelines range (or the statutory

22  mandatory minimum, if greater than the Guidelines range) as determined by the Court at

23  the time of sentencing, Defendant waives to the full extent of the law any right conferred

24  by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the

25  sentence imposed by the Court, including any fine, restitution order, probation or

26  supervised release conditions, or forfeiture order (if applicable). This includes any

27

Plea Agreement - 12
*United States v. Brugnoli-Baskin*, CR22-189 JHC

1  procedural challenges to the sentence, including any claim that the procedure employed

2  at sentencing violated Defendant's constitutional rights.

3      Defendant also agrees that, by entering the guilty plea required by this Plea

4  Agreement, Defendant waives any right to bring a collateral attack against the conviction

5  and sentence, including any restitution order imposed, except as it may relate to the

6  effectiveness of legal representation or a claim of prosecutorial misconduct based on facts

7  unknown or not reasonably discoverable prior to entry of the judgment of conviction.

8      Defendant acknowledges that certain claims, including certain claims for

9  prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea,

10  independently from this Plea Agreement. This waiver does not preclude Defendant from

11  bringing an appropriate motion to address the conditions of Defendant's confinement or

12  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

13      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

14  attacking (except as to claims not subject to the waiver, above) the conviction or sentence

15  in any way, the United States may prosecute Defendant for any counts, including those

16  with mandatory minimum sentences, that were dismissed or not charged pursuant to this

17  Plea Agreement.

18      20.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into

19  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

20  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

21  Agreement or set forth on the record at the change of plea hearing in this matter.

22      21.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by

23  the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement,

24  or Defendant withdraws from this Plea Agreement after it has been accepted by the

25  Court, the statute of limitations shall be deemed to have been tolled from the date of the

26  Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea

27  Agreement by the Court; or (2) thirty days following the date on which a breach of the

Plea Agreement - 13
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | Plea Agreement by Defendant is discovered by the United States Attorney's Office; or

2 | (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

3 |      22.    **Completeness of Plea Agreement.** The United States and Defendant

4 | acknowledge that these terms constitute the entire Plea Agreement between the parties,

5 | except as may be set forth on the record at the change of plea hearing in this matter. This

6 | Plea Agreement binds only the United States Attorney's Office for the Western District

7 | of Washington. It does not bind any other United States Attorney's Office or any other

8 | office or agency of the United States, or any state or local prosecutor.

9 |      Dated this 20th day of March, 2025.

ANTONIO DIEGO BRUGNOLI-
BASKIN
Defendant

JOSHUA SAUNDERS
Attorney for Defendant

MARCI L. ELLSWORTH
Assistant United States Attorney

LAURA HARMON
Special Assistant United States Attorney

Plea Agreement - 14
*United States v. Brugnoli-Baskin*, CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970