UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTONIO DIEGO BRUGNOLI-BASKIN,

Defendant.

CASE NO. 22-cr-00189-JHC-1

ORDER

## I

## INTRODUCTION

Before the Court is the Government's Post-Judgment Statement Regarding Restitution. Dkt. # 111.

Defendant Antonio Brugnoli-Baskin pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Dkt. # 74. The Court sentenced Defendant to 48 months of imprisonment followed by 20 years of supervised release. Dkt. #91. At the time of sentencing, the Court reserved ruling on restitution. *Id.*

The issue of restitution is now before the Court. The Court has reviewed the Government's Statement (Dkt. # 111), the Defendant's Memorandum Regarding Restitution

(Dkt. #117), the Government's Exhibits and Supplement to the Post-Judgment Statement (Dkt ## 113, 118), and the applicable law. Being fully advised, the Court is inclined to order Defendant to pay restitution in the amount of $3,000 to each of the 23 identified victims on the condition that the Government submit "information concerning the amount of restitution" that each "victim has been paid in other cases for the same losses," 18 U.S.C. § 2259(b)(2)(C), and confirm that they still have outstanding losses.

## II

## LEGAL STANDARDS

Chapter 110 of Title 18 of the United States Code covers offenses involving sexual exploitation and other abuses of children. The Chapter provides that child pornography is a criminal offense, *see* 18 U.S.C. § 2252(a)(4)(B), punishable by a prison sentence not to exceed 20 years, a fine, or both. *See* 18 U.S.C. § 2252(b)(2). It also provides for "mandatory restitution" for "victims."[1] 18 U.S.C. § 2259. The statute states, "[n]otwithstanding section 3663 or 3663A," two provisions that govern the mechanics of issuing restitution orders in cases falling under this title, "the court *shall* order restitution for any offense under this chapter." 18 U.S.C. § 2259(a) (emphasis added). The statute further provides, "[t]he issuance of a restitution order under this section is mandatory"—"[a] court may not decline to issue an order under this section because of[:] (i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2259(b)(4).

---

[1] "[T]he term 'victim' means the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2259(c)(4). If a victim is "under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court may assume the crime victim's rights under this section, but in no event shall the defendant be named as such representative or guardian." *Id.*

Once a victim has been identified, 18 U.S.C. § 2259(b)(2) instructs the court to undergo a three-step process to determine the proper amount of restitution. First, the court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A). The "full amount of the victim's losses" includes: "(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) reasonable attorneys' fees, as well as other costs incurred; and (F) any other relevant losses incurred by the victim." 18 U.S.C. § 2259(c)(2). District courts are also permitted to: consider a victim's future losses, such as long-term counseling expenses, *see United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999); consider evidence that would be otherwise inadmissible under the Federal Rules of Evidence, *see United States v. Klomp*, No. 23-2227, 2024 WL 4298256, at *2 (9th Cir. Sept. 26, 2024); and award losses to victims based on dollar amounts claimed in sworn affidavits. *See United States v. Randles*, No. 24-2360, 2025 WL 1806700, at *2 (9th Cir. July 1, 2025); *see also United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) ("[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order.").

Second, the court must "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B). In determining a defendant's relative causal role, district courts are instructed to apply the factors announced by the Supreme Court in *Paroline v. United States*, 572 U.S. 434 (2014). These factors include: (1) "the number of past criminal defendants found to have contributed to the victim's general losses;" (2) "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the

victim's general losses;" (3) "any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);" (4) "whether the defendant reproduced or distributed images of the victim;" (5) "whether the defendant had any connection to the initial production of the images;" (6) "how many images of the victim the defendant possessed;" and (7) "other facts relevant to the defendant's relative causal role." *Id*. at 460. The Ninth Circuit has held that restitution "may be awarded only for losses for which the defendant's conduct was an 'actual and proximate cause.'" *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) (quoting *United States v. Peterson*, 538 F.3d 1064, 1068 (9th Cir. 2008)).

Third, the court must ensure that a victim's "aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses." 18 U.S.C. § 2259(b)(2)(C). If a "victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated." *Id.*

As for questions of proof, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). The government bears the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense[.] *Id*. "In carrying this burden . . . the government must provide the court with enough evidence to allow the court to estimate the 'full amount of the victim's losses' with 'some reasonable certainty.'" *Kennedy*, 643 F.3d at 1261 (quoting *United States v. Doe*, 488 F.3d 1154, 1159–60 (9th Cir. 2007)). Despite these statutory constraints, the Supreme Court and Ninth Circuit have consistently held that "[t]rial courts have broad discretion in ordering restitution." *Laney*, 189 F.3d at 966; *see also Paroline*, 572 U.S. at 459 (determining the proper

amount of restitution is not "a precise mathematical inquiry and involves the use of discretion and sound judgment" by the district court). Courts are thus encouraged to treat *Paroline* and related cases as "rough guideposts," with the ultimate goal being a determination of a restitution award that appropriately "fits the offense." *Id.* at 460.

## III

## DISCUSSION

The Government requests that this Court award restitution to 23 series victims[2] in amounts ranging from $587.91 to $10,000, for a total restitution award of $141,087.91.[3] *See* Dkt. ## 111; 118. In response, Defendant requests that this Court "deny restitution in most instances based on the applications' inability to meet the statutory requirements." Dkt. # 117 at 1. Alternatively, Defendant requests that this Court follow the approach from *United States v. Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890 (W.D. Wash. Sept. 2, 2022), and award no more than the statutory minimum of $3,000 for each request. Dkt. # 117 at 1.

To begin, the Court rejects Defendant's invitation to "deny restitution in most instances based on the applications' inability to meet the statutory requirements." *Id.* Although the Court agrees with Defendant that the Government's briefing is lacking in certain respects, it reiterates that restitution is mandatory, not discretionary, under 18 U.S.C. § 2259. Given this statutory command, the Court finds that it would be inappropriate to "deny restitution" to the 23 clearly identified victims in this case who have made allegations of outstanding losses. The Court also notes that none of Defendant's cited cases hold that a district court should wholly deny

[2] The 23 victims are: 2crazygurls, Angela, Aprilblonde, AtSchool, BestNecklace, BluePillow1, Jan_Socks1, JBNFlowers1, JBNFlowers2, Jenny, Lexie, Marineland1, PD11, RedGlassesCry, Sweet Purple Sugar, Sweet White Sugar, Tara, Teal&PinkPrincess2, TubTime1, TubTime2, Vicky, ZooFamily1, MV3. *See* Dkt. ## 111 at 6; 118 at 1.

[3] The Government initially requested a total restitution award of $140,500 to be apportioned among 22 victims. *See* Dkt. # 111 at 6. On September 19, 2025, the Government filed a supplement with this Court, requesting an additional restitution award of $587.91 for another victim. *See* Dkt. # 118.

restitution to such victims under the present version of 18 U.S.C. § 2259.[4] The Court thus declines Defendant's request to deny all restitution to the Government's 23 identified victims.

At the same time, the Court does not find that the Government has sustained its burden under 18 U.S.C. § 2259 of proving all the requested restitution amounts by a preponderance of the evidence. Based on the present record, the Court cannot find that any victim is entitled to recover more than the statutory minimum of $3,000.

As for step one, the determination of the victims' total losses, the Court concludes that the Government has established most of the 23 victims' claimed losses with "some reasonable certainty." The Government presented evidence for each victim, ranging from victim impact statements to treatment plans to medical and psychological evaluations by trained professionals.[5] *See* Dkt. # 113. Many of these submissions are supported by receipts, sworn affidavits, and other forms of documentary proof. Additionally, many of the victims' requests have already been submitted, reviewed, and accepted, by other courts during the course of restitution proceedings against other criminal defendants under 18 U.S.C. § 2259.[6] The Court thus rejects Defendant's

[4] *See, e.g.*, *United States v. Etheridge*, No. 22-40516, 2023 WL 5347294, at *4 (5th Cir. Aug. 21, 2023) (vacating and remanding a restitution order for reconsideration but holding that the government may present supplemental evidence on remand to support its request for restitution); *Kennedy*, 643 F.3d at 1266 (vacating a restitution order under 18 U.S.C. § 2259 before the *Paroline* decision and later amendments to 18 U.S.C. § 2259); *United States v. Schlipf*, No. 5:22-CR-37-BJB, 2023 WL 5938087, at *6 (W.D. Ky. Sept. 12, 2023), *aff'd*, No. 23-5847, 2024 WL 4429353 (6th Cir. Mar. 28, 2024) (awarding restitution for nine out of ten victims and granting the Government additional time to petition for an amended restitution order for the tenth victim); *Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890, at *7 (awarding restitution at the statutory minimum for 26 victims); *United States v. Richardson*, No. 1:13-CR-00686, 2022 WL 17338274, at *12 (N.D. Ill. Nov. 30, 2022) (denying restitution but granting the Government the opportunity to provide more information before the entry of a final judgment).

[5] Given the highly sensitive and personal nature of the evidence involved, the Court declines to detail the specific circumstances of each victim in this order. Nonetheless, the Court confirms that it has carefully reviewed all the materials provided by the Government and has reached the conclusions in this order on the basis of this evidence.

[6] *See, e.g.*, *Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890, at *4 (accepting the Government's claimed losses for victims At School, BestNecklace, BluePillow1, Jan_Socks1, Jenny, Marineland1, Sweet White Sugar, Tara, and Vicky); *Schlipf*, No. 5:22-CR-37-BJB, 2023 WL 5938087, at *2 (accepting the Government's claimed losses for victims At School, Vicky, Tara, Sweet White Sugar, Jenny, Aprilblonde, 2Crazygurls, and Marineland1).

general contention that "the information provided by the Government is insufficient for the Court to trust the estimates with a reasonable certainty." *See* Dkt. # 117 at 6.

The Court also rejects Defendant's request to deny restitution to many of the victims simply because the "vast majority of the costs are estimated, primarily in the form of hypothetical therapy and medical costs[,]" from assessments conducted multiple years ago. *See* Dkt. # 117 at 3. Although Defendant is correct that much of the Government's evidence relies on projected costs rather than past expenses for treatment, the Ninth Circuit has explicitly held that courts may award restitution in 18 U.S.C. § 2259 cases based on estimates for future treatment. *See Laney*, 189 F.3d at 966-967. Similarly, the Ninth Circuit has held that victims need not prove that "they actually paid their therapists" to recover under 18 U.S.C. § 2259. *Id.* at 967. Despite arguing that the Court should reject this evidence because it lacks an update on the victims' actual treatment and costs, *see* Dkt. # 117 at 3, Defendant cites no authority to support this argument. *See generally id*. The Court thus declines to deny the Government's restitution requests on this basis.

The Court also declines Defendant's request to deny restitution based on a lack of reliable information for five specific victims—Lexie, Teal&PinkPrincess2, RedGlassesCry, TubTime1, and TubTime2. *See* Dkt. # 117 at 6. While Defendant is correct that the evidence underlying these requests is limited, Ninth Circuit courts may consider evidence that would be inadmissible under the Federal Rules of Evidence, *see Klomp*, No. 23-2227, 2024 WL 4298256, at *2, and award restitution based on amounts claimed in sworn affidavits. *See Randles*, No. 24-2360, 2025 WL 1806700, at *2; *Waknine*, 543 F.3d 546, 557 (9th Cir. 2008). Additionally, even though Defendant is correct that these requests do not provide a concrete number for the full amount of the victims' losses, they do provide enough evidence for this Court to "accept the Government's position that the [victims] suffered at least some loss such that [each is] entitled to some amount

of restitution under § 2259." *United States v. Harold*, No. 24-10825, 2025 WL 2659685, at *4 (11th Cir. Sept. 17, 2025). As this Court can conclude with reasonable certainty that each of these five victims experienced quantifiable losses in excess of $10,000, the Court will not deny restitution to these victims just because the Government has not finished calculating the maximum amount of projected losses for each victim.[7]

Yet the Court also agrees with Defendant that some of the victims' claimed losses are insufficiently proven. For example, the Court finds that the "full amount of losses" for victims whose requests include estimates for lifetime supplies of psychiatric medications should be reduced based on the introduction of generics and the decreased cost of these medications. *See* Dkt. # 117 at 5. Similarly, the Court finds that the victims' estimated losses should not include harms that stem from the initial abuse or costs that accrued before the Defendant's offense conduct. *Id.* Accordingly, the Court excludes these and other dubious costs[8] from its determination of each victim's total losses.[9]

---

[7] Defendant provides no legal authority to support his contention that the Government's failure to quantify all losses prevents the Court from awarding restitution for the losses that have been quantified. In Defendant's cited case, *Schlipf*, No. 5:22-CR-37-BJB, 2023 WL 5938087, at *5, the court denied restitution, stating that "the record as it currently stands doesn't allow the Court to determine that $3,000 is (or is not) an appropriate award for [this victim]." But the court specifically noted that it was only denying the victim's request for restitution "at this time." *Id.* It also granted the Government a 60-day extension to provide more information about the victim's total losses and petition the court to amend the order. *Id.* Without further guidance from the Supreme Court or the Ninth Circuit, this Court is inclined to follow the approach of the Eleventh Circuit and conclude that as long as the government can demonstrate that a victim is "entitled to some amount of restitution under § 2259," the court is statutorily required to award restitution to the victim. *See Harold*, No. 24-10825, 2025 WL 2659685, at *4.

[8] The Court finds that other specific costs for individual victims, such as housecleaning services and driving lessons, have not been sufficiently established by a preponderance of the evidence.

[9] Because these costs have been accepted by other courts in restitution orders, they must still be accounted for in the aggregate recovery analysis at step three. *See* 18 U.S.C. § 2259(b)(2)(C). The Court thus does not find it necessary to list out its calculations for the full amount of losses for each victim here, as this Court's reduced total loss calculations will have no impact on Defendant's liability under the statute.

As for step two, Defendant's causal role, the Court agrees with Defendant that the Government has not met its burden of demonstrating Defendant's relative role in the causal processes that underlie the victims' losses. While the Court shares the concerns of other courts regarding the difficulties of applying the *Paroline* factors, *see Hoffman*, No. 2:22-CR-00018-TL, 2022 WL 4017890, at *6-7, it also notes that the Government did not even attempt to apply the *Paroline* factors here. *See generally* Dkt. # 111. Although some of the victims' applications do address the *Paroline* factors, many do not. Additionally, the lapse in time between many of the victims' requests and the current restitution proceedings negates the accuracy of many of these analyses. For example, many of the requests that provide information on factor one, "the number of past criminal defendants found to have contributed to the victim's general losses," do not include updated information to account for recent cases involving other criminal defendants. Given these deficiencies, the Court does not find that the Government has proven Defendant's causal role by a preponderance of the evidence for any victim. Thus, the Court is obligated to award the statutory minimum of $3,000 for each identified victim but cannot award restitution to any victim in excess of that amount based on the record before it. *See* 18 U.S.C. § 2259(b)(2)(B).

As for step three, it seems probable that awarding restitution in an amount of $3,000 per victim will not exceed the full amount of any victim's outstanding losses. Although the Government did not share information about total recovery to date for every victim, the Court adds that the statute does not require the Government to prove that a victim's aggregate recovery will not exceed the total amount of losses.[10] It also notes that the statute defines "the full amount of the victim's losses" at step three as "the greatest amount of such losses found in any case

[10] Under 18 U.S.C. § 3664(e), the Government's burden is limited to "demonstrating the amount of the loss sustained by a victim as a result of the offense[.]"

involving that victim that has resulted in a final restitution order." 18 U.S.C. § 2259(b)(2)(C). As many of the victims in this case have either received no restitution, or have received final restitution awards in cases in which the total amount of losses was estimated to be in the hundreds of thousands, the Court suspects that a restitution award of $3,000 per victim will not exceed any victim's aggregate recovery.

But as the Court is obligated to ensure that a victim's total aggregate recovery does not exceed the full amount of the victim's demonstrated losses, the Court cannot award restitution to a victim until it is persuaded that the victim has outstanding losses. Accordingly, the Court requests the Government submit "information concerning the amount of restitution" that each "victim has been paid in other cases for the same losses," 18 U.S.C. § 2259(b)(2)(C), and confirm that they still have outstanding losses.

## IV

## CONCLUSION

For the foregoing reasons, the Court is inclined to order Defendant to pay restitution in the amount of $3,000 to each of the identified victims on the condition that the Government submit "information concerning the amount of restitution" that each "victim has been paid in other cases for the same losses," 18 U.S.C. § 2259(b)(2)(C), and confirm that they still have outstanding losses. The Court ORDERS the Government to submit this information by November 21, 2025.

Dated this 22nd day of October, 2025.

John H. Chun

John H. Chun
United States District Judge